UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
HIT NOTION LLC,                                          :
                                                        :   **MEMORANDUM DECISION AND**
                                          Plaintiff,    :   **ORDER**
                                                        :
                - against -                             :   24-cv-7986 (BMC)
                                                        :
DIGITALPRINTS USA CORP.                                 :
d/b/a CHEER COLLECTION,                                 :
                                                        :
                                        Defendant.      :
------------------------------------------------------------ X

**COGAN**, District Judge.

This is a patent and trademark dispute between two companies that sell pillows.  In

March 2017, both parties approached the same Chinese manufacturer requesting a custom

pillow.  Unbeknownst to either, the manufacturer ended up supplying both with the same pillow.

However, only plaintiff patented its pillow.  After defendant sold its pillow online and allegedly

advertised a pillow bearing plaintiff's mark, plaintiff brought this action for patent and trademark

infringement.

The case is presently before the Court on both parties' motions for summary judgment.

Defendant argues that plaintiff's patents are invalid under the defenses of on-sale bar,

obviousness, and definiteness, and moves for summary judgment on all these issues, as well as

on plaintiff's claims of trademark infringement and unfair competition.[1]  Plaintiff moves for

summary judgment on the issues of patent inventorship, on-sale bar and obviousness.  For the

following reasons, plaintiff's motion is granted in full, and defendant's motion is partially

granted on plaintiff's trademark infringement and unfair competition claims and denied as to all

other issues.

---

[1] Defendant voluntarily withdrew its patent validity defense of fraud/inequitable conduct.

**BACKGROUND**

**I.    Factual and Procedural History**

Plaintiff Hit Notion LLC is a retailer of pillows.  On March 20, 2017, plaintiff's president and CEO, Jason Berke, sent an email to MJ Textile, a Chinese pillow manufacturer, requesting a custom pillow.  The email included pictures and details of the proposed pillow, such as its dimensions and a request for a back pocket.  On March 26, 2017, MJ Textile shipped a sample of the requested product to Berke and on March 27, 2017, MJ Textile emailed Berke photos of the sample.  After receiving the sample, Berke sent MJ Textile another email on March 29, 2017, requesting changes such as a longer and stretchier "loop" attached to a "button" on the pillow.  On March 31, 2017, Berke requested further changes to the pillow, such as a 4-inch loop, and modifications to the pillow width.

That same month, defendant Cheer Collection, another pillow retailer, also requested a pillow from MJ Textile.  Defendant's vice president, David Berko, visited MJ Textile around March 1, 2017.  During that visit, Berko discussed with MJ Textile's founder, Sophia Chen, an idea for an improved "TV pillow" with head support and attached pockets.  On March 17, 2017, Berko sent an email to Chen with a summary of items it wished to order, including a "Newly designed TV Pillow / With Head support and pockets."  Chen took pictures of the pillow on March 25 and sent one of those pictures to Berko on March 27, 2017 – the exact same photo MJ Textile had sent to plaintiff on March 27, 2017.  On March 29-30, 2017, MJ Textile sent Berko additional pictures of the pillow showing the straps connecting the "head support pillow" to the "reading pillow," along with commercial terms.  Defendant placed a purchase order for the pillow on March 30, 2017.

2

Chen passed away in late 2018.  Her husband, John Wang, then took over her role as General Manager of MJ Textile.

On October 19, 2017, plaintiff filed a patent application for its pillow that ultimately matured into U.S. Design Patent D875,432.  Plaintiff also owns U.S. Design Patent D949,600, which claims the benefit of priority to the October 19 patent application.  Vita Brown is the only named inventor of the designs in both patents.  Brown's relation to plaintiff is unclear – it appears based on the context that she is an employee of plaintiff.  However, it is undisputed that plaintiff is listed as the applicant and assignee of both patents.

In April 2024, plaintiff brought this action against defendant, alleging (1) patent infringement, (2) trademark infringement under 15 U.S.C. § 1114, and (3) unfair competition under 15 U.S.C. § 1125(a).  Both parties move for summary judgment.

## II.    Variances in the Patent Drawings

Figures 1 and 8 of the patents show that the design includes a single line extending along the connection of the left arm of the pillow and the body (circled in red).  The design depicts the connection between the right arm and the body using two parallel lines, through which a third line intersects roughly perpendicularly (circled in green):



FIG. 8

3

Figure 2 of the patents, however, depicts the connection between the arms and the body of the pillow using only a single line, rather than parallel lines with a third line intersecting perpendicularly (circled in red):



FIG. 2

Similarly, Figure 6 of the patents depicts the connection between the arm and the body of the pillow using a single line that does not extend across the entire length of the body of the pillow (circled in blue):



FIG. 6

Figures 3, 4, and 5 also contain similar variances in the depiction of the connection between the arms and the body of the pillow.

**DISCUSSION**

## I.      Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view all facts in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)). There is no genuine issue of material fact "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 212 (2d Cir. 2001) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

A party may not defeat a motion for summary judgment solely through "unsupported assertions" or conjecture. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). Rather, "'[t]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita, 475 U.S. at 586-87); see also Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994). Indeed, the non-moving party must offer "concrete evidence from which a reasonable juror could return a verdict in [their] favor." Anderson, 477 U.S. at 256.

Section 282(a) of Title 35 provides that a "patent shall be presumed valid," and the "burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting

5

such invalidity." To successfully challenge the validity of a patent, a party must prove "by clear and convincing evidence" that a defense applies. Microsoft Corp. v. I4I Ltd. P'ship, 564 U.S. 91, 95-97 (2011). "'Clear and convincing' evidence has been described as evidence which produces in the mind of the trier of fact an abiding conviction that the truth of a factual contention is 'highly probable.'" Price v. Symsek, 988 F.2d 1187, 1191 (Fed. Cir. 1993) (quoting Buildex, Inc. v. Kason Indus., Inc., 849 F.2d 1461, 1463 (Fed. Cir. 1988)).

## II.    Inventorship

"Under 35 U.S.C. § 256, a district court may order correction of inventorship when it determines that an inventor has been erroneously omitted from a patent." Blue Gentian, LLC v. Tristar Prods., Inc., 70 F.4th 1351, 1357 (Fed. Cir. 2023). "[I]nventorship is ultimately a question of law based on underlying facts." BearBox LLC v. Lancium LLC, 125 F.4th 1101, 1118 (Fed. Cir. 2025) (citing In re VerHoef, 888 F.3d 1362, 1365 (Fed. Cir. 2018)). "The named inventors are presumed correct, and the party seeking correction of inventorship must show by clear and convincing evidence that a joint inventor should have been listed." Blue Gentian, 70 F.4th at 1357 (citing Eli Lilly & Co. v. Aradigm Corp., 376 F.3d 1352, 1358 (Fed. Cir. 2004)). Inventorship requires "some type of corroborating evidence," to "satisfy the 'clear and convincing evidence' standard." See Price v. Symsek, 988 F.2d 1187, 1194 (Fed. Cir. 1993). "Corroborating evidence may take many forms," including "contemporaneous documents prepared by a putative inventor," "[c]ircumstantial evidence about the inventive process," and "oral testimony of someone other than the alleged inventor." Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1461 (Fed. Cir. 1998) (citations omitted).

Plaintiff claims full inventorship of the pillow, and defendant claims that MJ Textile's founder, Sophia Chen, invented the pillow. However, a presumption exists that the named

6

inventor of plaintiff's patents is correct, and here, defendant has not shown, by clear and convincing evidence, that Chen should be a named inventor instead.

To begin with, plaintiff correctly points out that statements made by Chen, and MJ Textile's current General Manager, John Wang, are inadmissible. Chen's statements in her emails are hearsay without any applicable exception,[2] and she is unfortunately unable to testify about her potential role in creating the pillow due to her death. Wang's declaration is inadmissible because he only became General manager of MJ Textile after Chen's death in 2018, and there is no evidence that he has personal knowledge of any business activities that took place in 2017. See Fed. R. Evid. 602.

The remaining facts are undisputed,[3] and they show that defendant's vice president, David Berko, visited MJ Textile around March 1, 2017, discussed an idea for an improved "TV pillow" with head support and attached pockets with Chen, and noted that he wished to order a "Newly designed TV Pillow / With Head support and pockets" in an email to Chen on March 17, 2017. On March 27, 2017, Chen sent Berko a photo of a pillow with head support and side pockets that had been taken on March 25, 2017. On March 29, 2017, Berko requested a call with Chen to discuss making the top part of the pillow detachable.

Around the same time, plaintiff's president and CEO, Jason Berke, also approached MJ Textile with instructions and a request for a pillow. Berke requested a sample of a "Shredded

---

[2] For example, defendant cannot claim the "business records exception" because it has not made a showing that Chen was "under an obligation to create the emails as a record of regularly conducted business activity." See Park W. Radiology v. CareCore Nat. LLC, 675 F. Supp. 2d 314, 333 (S.D.N.Y. 2009); Fed. R. Evid. 803(6). And despite defendant's arguments to the contrary, none of the exceptions under Fed. R. Evid. 804 apply.

[3] Although both parties' Rule 56.1 Statements are replete with "disputed" facts, the vast majority of these disputes are legal, not factual, and so long as the facts are supported by the record, the Court deems them undisputed. See, e.g., Cotnoir-Debenedetto v. Uniondale Union Free Sch. Dist., No. 20-cv-5096, 2023 WL 4274701, at *5 (E.D.N.Y. June 29, 2023) (explaining that legal arguments and conclusive disputes are not appropriate for a Rule 56.1 Statement and such facts are deemed undisputed).

7

memory foam r[ea]ding pillow" on March 18, 2017, sent MJ Textile an attachment containing photos and specifications of the pillow that he wanted on March 20, 2017, and instructions requesting a longer "loop for button" with a length of "4 inches" on March 29 and 31, 2017. In response, MJ Textile sent Berke photos of a pillow with head support and side pockets on March 27, 2017, one of which was the same picture Chen had sent to Berko that same day.

Given that there is no dispute that both parties approached MJ Textile with a request for a pillow, the only question is whether plaintiff or Chen invented the pillow[4] – a question that the Court resolves as a matter of law. See BearBox, 125 F.4th at 1118. At best, the evidence vaguely suggests that either plaintiff or defendant approached Chen with ideas for a pillow, and Chen reduced their ideas to practice. See Ethicon, 135 F.3d at 1460 ("[O]ne of ordinary skill in the art who simply reduced the inventor's idea to practice is not necessarily a joint inventor . . . ."); cf. Town & Country Linen Corp. v. Ingenious Designs LLC, 556 F. Supp. 3d 222, 250 (S.D.N.Y. 2021) (finding that the alleged inventor's own testimony that she had invented the patented design, along with corroborating testimony, raised a genuine issue of fact of co-inventorship). To defeat plaintiff's motion for summary judgment, however, it is defendant's burden to show, by clear and convincing evidence, that it is "highly probable" that Chen invented the pillow – a burden it has failed to meet. In the absence of any genuine dispute of material fact, the Court grants plaintiff's motion on the issue of inventorship.

### III.   On-Sale Bar

A patent is invalid if "the claimed invention was . . . on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102(a)(1); see

---

[4] The parties also dispute who invented the pillow's buttons and cord as depicted in the photos sent by MJ Textile, but ultimately, it is immaterial. The pillow depicted in the patent drawings does not appear to have buttons, and neither party adequately explains why the inventorship of these items is material to the inventorship of the pillow in the underlying patent dispute.

Celanese Int'l Corp. v. Int'l Trade Comm'n, 111 F.4th 1338, 1343 (Fed. Cir. 2024) ("An inventor's 'voluntary act' of exploiting his invention through a commercial sale before the critical date constitutes 'an abandonment of his right' to a patent."). However, a "disclosure," or sale, "made 1 year or less before the effective filing date of a claimed invention shall not be prior art to the claimed invention under subsection (a)(1)" if the sale was made by someone who "obtained the [invention] directly or indirectly from the inventor or a joint inventor." § 102(b)(1)(A); see Sanho Corp. v. Kaijet Tech. Int'l Ltd., Inc, 108 F.4th 1376, 1380 (Fed. Cir. 2024) ("[A] private or public sale by the inventor during the one-year grace period is not prior art.").

As established above, defendant has not shown, by clear and convincing evidence, that Chen should be a named inventor rather than plaintiff, and the presumption that the patents' named inventor is their only inventor applies. Thus, when MJ Textile sold the pillow to defendant, it did so having obtained the pillow directly from its inventor – plaintiff. And because that sale was made in March 2017 – less than one year before plaintiff filed its patent in October 2017 – it is not prior art under § 102(a)(1). In sum, defendant cannot claim the on-sale bar defense on the basis that MJ Textile had sold it the pillow prior to plaintiff filing for its patent, because MJ Textile had obtained the pillow from plaintiff, and the sale was made less than one year before plaintiff filed its patent. As no dispute of material fact exists, the Court grants plaintiff's motion on the issue of on-sale bar.

## IV.  Obviousness

A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.

35 U.S.C. § 103.  In making a determination of obviousness for a design patent, a court considers several factors: (1) the "'scope and content of the prior art' within the knowledge of an ordinary designer in the field of the design"; (2) "differences between the prior art designs and the design claim at issue"; (3) the "level of ordinary skill in the pertinent art"; and (4) "secondary considerations" such as "commercial success, industry praise, and copying."  LKQ Corp. v. GM Glob. Tech. Operations LLC, 102 F.4th 1280, 1295-1300 (Fed. Cir. 2024) (citing Graham v. John Deere Co., 383 U.S. 17-18 (1966)).

Defendant first asserts that the sale of the pillow in March 2017 is prior art that renders the design in the patents obvious under § 103.  But as explained above, MJ Textile sold the pillow it had obtained from plaintiff to defendant within the one-year grace period provided by § 102(b)(1)(A).  Therefore, the sale does not qualify as prior art.  See TorPharm, Inc. v. Ranbaxy Pharms., Inc., 336 F.3d 1322, 1327 (Fed. Cir. 2003) (applying the same prior art analysis under § 102 to § 103).

Defendant next argues that the patents are invalid because substantial questions exist as to their obviousness according to two USPTO decisions granting reexamination of their patentability.  Apart from a single passing comment in a footnote to defendant's opposition brief, however, defendant does not explain on what grounds the USPTO preliminarily found substantial new questions of patentability, or even what arguments for obviousness it wishes to assert.  Instead, defendant merely assumes that citing to the existence of the reexamination requests and decisions is enough to defeat a motion for summary judgment.

"[D]istrict courts are not bound by PTO reexamination decisions," even if "they 'must consider' such decisions as evidence 'in determining whether the party asserting invalidity has met its statutory burden by clear and convincing evidence.'"  Luv n' Care, Ltd. v. Laurain, 98

10

F.4th 1081, 1101 n.2 (Fed. Cir. 2024) (quoting Fromson v. Advance Offset Plate, Inc., 755 F.2d 1549, 1555 (Fed. Cir. 1985)); see Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC, 879 F.3d 1332, 1341 (Fed. Cir. 2018) (explaining that "a reexamination confirming patentability of a patent claim alone is not determinative of whether a genuine issue of fact precludes summary judgment of no invalidity"). Thus, defendant still bears the burden of showing, by clear and convincing evidence, why a material dispute of fact for obviousness exists.

Defendant has not met that burden. Even assuming that by citing to the USPTO decisions, defendant has adopted the USPTO's arguments into its brief, defendant has not raised a genuine dispute of material fact because such preliminary decisions, by their nature, are concise and devoid of detailed reasoning and facts. For example, in the decision granting reexamination of the '600 patent, the USPTO found that the "Cheer IG" prior art reference could serve as a primary reference in an obviousness analysis because it has an appearance that is "visually similar to the claim in the '600 patent." Although that decision does describe some of the visual differences between the "Cheer IG reference" and the patent, it is lacking in facts with which the Court could analyze the other Graham factors, such as the scope and content of the "Cheer IG reference" within the knowledge of an *ordinary designer* in the field of the design, the level of *ordinary skill* in the pertinent art, and secondary considerations, such as the "commercial success, industry praise, and copying."

The Court declines to sift through the reexamination requests (totaling almost four hundred pages) to glean any evidence sufficient to defeat plaintiff's motion for summary judgment. That is defendant's burden, not the Court's. See Parus Holdings, Inc. v. Google LLC, 70 F.4th 1365, 1372 (Fed. Cir. 2023) ("The burden of production cannot be met without some

11

combination of citing the relevant record evidence with specificity and explaining the significance of the produced material in briefs."); Kane v. De Blasio, 19 F.4th 152, 167 n.15 (2d Cir. 2021) ("[J]udges are not like pigs, hunting for truffles buried in the record.").  As defendant has not properly raised any arguments for obviousness, let alone met its evidentiary burden such that a jury could reasonably find in its favor, the Court grants plaintiff's motion for summary judgment on the issue of obviousness.

## V.     Indefiniteness

"[A] design patent is indefinite under § 112 if one skilled in the art, viewing the design as would an ordinary observer, would not understand the scope of the design with reasonable certainty based on the claim and visual disclosure."  In re Maatita, 900 F.3d 1369, 1377 (Fed. Cir. 2018); see 35 U.S.C. § 112(b) ("The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.").  "[T]he ordinary observer is not an expert in the claimed designs, but one of 'ordinary acuteness[.]'"  Ethicon Endo-Surgery, Inc. v. Covidien, Inc., 796 F.3d 1312, 1337 (Fed. Cir. 2015) (citations omitted); see Maatita, 900 F.3d at 1376-1377 (explaining that the "ordinary observer" standard from patent infringement also applies to indefiniteness because the purpose of both is to give notice of what would infringe). "[I]ndefiniteness is a legal conclusion[,]" Nature Simulation Sys. Inc. v. Autodesk, Inc., 50 F.4th 1358, 1360 (Fed. Cir. 2022), and "must be proven by clear and convincing evidence," Sonix Tech. Co. v. Publications Int'l, Ltd., 844 F.3d 1370, 1377 (Fed. Cir. 2017) (citing Teva Pharms. USA, Inc. v. Sandoz, Inc., 789 F.3d 1335, 1345 (Fed. Cir. 2015)).

Only defendant moves for summary judgment on the issue of indefiniteness, arguing that the patent drawings contain variances in the lines depicting the connection between the pillow's

12

"arms" and "body" that are too indefinite for one skilled in the art to understand the scope of the design. Contrary to plaintiff's arguments and as explained above, expert testimony is not necessary for such a finding – the finder of fact need only view the design from the perspective of "an ordinary observer." See Ethicon Endo-Surgery, Inc., 796 F.3d at 1337. However, a genuine question of material fact nonetheless exists as to whether the lines depicted in the patents merely reflect "creases" consistent with a malleable pillow, or "multiple, internally inconsistent drawings" that make it impossible for an ordinary observer to understand the scope of the pillow design with reasonable certainty under § 112. Accordingly, the Court denies defendant's motion for summary judgment on the issue of indefiniteness.

## VI.      Trademark Infringement and Unfair Competition

"To establish trademark infringement and unfair competition claims under the Lanham Act, a plaintiff must show first, that 'it has a valid mark that is entitled to protection,' and second, that defendant's 'use in commerce' of the allegedly infringing mark is 'likely to cause confusion' as to the origin, sponsorship, or affiliation of the defendant's goods with plaintiff's goods." 1-800 Contacts, Inc. v. JAND, Inc., 119 F.4th 234, 241 n.2 (2d Cir. 2024) (quoting 1-800 Contacts, Inc. v. WhenU.com, Inc., 414 F.3d 400, 407 (2d Cir. 2005); Rescuecom Corp. v. Google Inc., 562 F.3d 123, 128 (2d Cir. 2009)); see 15 U.S.C. §§ 1114, 1125(a). "A plaintiff is not required to demonstrate that a defendant made use of the mark in any particular way to satisfy the 'use in commerce' requirement. The element is satisfied if the mark is affixed to the goods 'in any manner,'" Kelly-Brown v. Winfrey, 717 F.3d 295, 305 (2d Cir. 2013) (quoting 15 U.S.C. § 1127), including in an advertisement, N. Star IP Holdings, LLC v. Icon Trade Servs., LLC, 710 F. Supp. 3d 183, 207 (S.D.N.Y. 2024) (collecting cases).

13

Plaintiff argues that Berke viewed a pillow advertisement on Google Shopping (a third-party website) bearing its mark, which led to defendant's website, where Berke successfully placed an order for the pillow, and that this shows that defendant used its mark in commerce:



14

Plaintiff also argues that metadata showing that defendant used its mark in an Amazon.com listing supports this claim.

The parties dispute whether this evidence should be excluded because plaintiff may or may not have produced it during discovery.  The Court first excludes plaintiff's Amazon.com metadata evidence because plaintiff does not dispute that it failed to produce this during discovery, and the Court finds no evidence to the contrary.[5]  As for the remaining screenshot and testimonial evidence, its admissibility is ultimately unimportant, because it falls short of the "concrete evidence" required to defeat defendant's motion for summary judgment anyway.  See Anderson, 477 U.S. at 256.  Plaintiff provides no corroborative evidence that defendant purchased plaintiff's mark or otherwise used it in the alleged advertisement, such as records or data from Google which could attribute the advertisement to defendant.  Given that Google is a search engine that naturally crawls and links to websites without any action on the website owner's part, there is no evidence that defendant created the advertisement, or that the "advertisement" is even an advertisement at all, rather than merely an auto-generated link to defendant's website.  See Rescuecom, 562 F.3d at 125 (explaining that Google responds to a search request in two ways: by providing "a list of links to websites," and "showing context-based advertising").

Defendant denies ever using the term "husband pillow" in its advertisements or product descriptions, and based on the scarcity of plaintiff's proffered evidence, no jury could reasonably

---

[5] In determining whether evidence should be excluded under Rule 37(c)(1), the Court considers: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (internal quotation marks and quotation omitted).  Plaintiff provides no explanation for its failure to comply with its disclosure requirement; the evidence would only marginally support plaintiff's claim insofar as it suggests that defendant had the motive to use plaintiff's mark; defendant has suffered prejudice by being unable to consider and respond to the evidence; and there is no evidence that plaintiff requested a continuance on this matter.

find that defendant created the Google "advertisement." As "use in commerce" is a necessary element of a trademark infringement and unfair competition claim, the absence of which necessitates dismissal of those claims, the Court grants defendant's motion for summary judgment on these two claims.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for summary judgment is granted on the issues of patent inventorship, on-sale bar and obviousness, and defendant's motion is partially granted on plaintiff's trademark infringement and unfair competition claims and denied as to all other issues.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
      June 7, 2026