UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HIT NOTION LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIGITALPRINTS USA CORP. d/b/a CHEER COLLECTION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>24-cv-7986 (BMC) |

**COGAN**, District Judge.

This is a patent dispute between two companies that sell pillows. Defendant has moved to stay the case pending resolution of the reexamination of plaintiff's patents by the U.S. Patent and Trademark Office ("USPTO"). For the reasons below, the motion is granted.

## BACKGROUND

Two years ago, plaintiff filed this case, bringing claims of unfair competition, trademark infringement, and patent infringement. A year later, the USPTO initiated reexamination proceedings for two patents owned by plaintiff that are at issue in this case. Four months ago, the USPTO issued "non-final" decisions for both patents, finding them invalid for obviousness. See 35 U.S.C. § 103. Two months ago, the Court ruled on the parties' cross-motions for summary judgment, and only plaintiff's patent infringement claims survived. See Hit Notion LLC v. Digitalprints USA Corp., No. 24-cv-7986, 2026 WL 1693557, at *1 (E.D.N.Y. June 11, 2026). The same two patents that the USPTO had preliminarily deemed invalid were the only patents remaining at issue in this case.

Quickly after the Court's summary judgment ruling, defendant moved to stay this case in light of the preliminary USPTO rulings. The thrust of defendant's motion was that if the USPTO

proceedings ended with final rulings of invalidity, plaintiff's whole case would fall in tandem. However, given the preliminary nature of the rulings, the Court denied the motion without prejudice to refiling if "things change for any reason."

Defendant has renewed its motion to stay because the USPTO issued "final" rulings that, like the preliminary rulings, deemed both patents invalid for obviousness. Plaintiff opposes on two grounds: (1) the USPTO decisions are not "final" in any meaningful sense and (2) the procedural posture of this case weighs against a stay.

**DISCUSSION**

"A stay is an intrusion into the ordinary processes of administration and judicial review." Nken v. Holder, 556 U.S. 418, 427 (2009) (quotation omitted). "Nevertheless, district courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of re[examination] proceedings before the USPTO." Fleet Connect Sols. LLC v. Forward Thinking Sys. LLC, 818 F. Supp. 3d 350, 353 (E.D.N.Y. 2026) (quotations omitted).

> In this context, courts consider the following non-exclusive factors in assessing whether the totality of the circumstances weighs in favor of a stay: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party."

Id. (quoting CDX Diagnostics, Inc. v. U.S. Endoscopy Group, Inc., No. 13-cv-05669, 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014)).

## I. Simplification of the Litigation

Generally, simplification occurs in one of two ways, depending on whether the patent survives reexamination or is cancelled. If the patent survives, the Court may "benefit from the PTO's record because of its expertise in . . . assessing patent validity." Wiesel v. Apple Inc., No. 19-cv-7261, 2021 WL 5038764, at *2 (E.D.N.Y. Oct. 29, 2021). If the patent is cancelled, "the patentee loses any cause of action based on that claim in pending litigation," thereby mooting the

litigation either in part or in whole. Id. (citing Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013)).

When not all patents in a particular litigation are undergoing reexamination, the simplification factor weighs against granting a stay. See, e.g., Fleet Connect, 818 F. Supp. 3d at 353 (denying stay where nine patents were at issue but "only four remain[ed] subject to an active [] reexamination or further appellate review by the USPTO"); TouchTunes Music Corp. v. Rowe Int'l Corp., 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009) (denying stay where six patents were at issue but two were "not currently subject to reexamination").

On the other hand, when, as here, there is perfect parity between the patents at issue and the patents undergoing reexamination, the simplification factor weighs heavily in favor of granting a stay because "cancellation would moot the entire case." Unicorn Global, Inc. v. DGL Grp., Ltd., No. 21-cv-1443, 2023 WL 2019092, at *1 (E.D.N.Y. Feb. 15, 2023); see VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1314 (Fed. Cir. 2014) ("[I]t [is] significant that the [USPTO reexamined] *all* asserted claims of the *sole* asserted patent . . . . This [] review could dispose of the entire litigation: the ultimate simplification of issues."). Accordingly, this factor is at its apex in favor of the stay.

## II. Stage of Proceedings

This factor concerns the resources already invested in the litigation in comparison with what remains. Generally speaking, this "factor . . . weighs in favor of a stay when an action is in the early stages of its lifespan." Fleet Connect, 818 F. Supp. 3d at 354. But the weight that this factor deserves essentially turns on the strength of the other two factors. Thus, courts should deny stays even when "a case is in its early stages of litigation . . . if [reexamination] offers limited potential to [simplify] the issues in the case [or causes] undue prejudice." CDX

Diagnostics, 2014 WL 2854656, at *4. The flip side is that courts should grant stays "[d]espite the substantial time and effort already spent in the case [if reexamination] will spare the parties and the district court the expense of any further litigation, including trial." Smartflash LLC v. Apple Inc., 621 F. App'x 995, 1005 (Fed. Cir. 2015).

Here, as defendant recognizes, the case is in the later stages of its life cycle. Nonetheless, the Court has not set a trial date, largely owing to plaintiff's expert discovery and defendant's pending motions *in limine* and for judgment on the pleadings. But even setting all that aside, "the most burdensome task [*i.e.*, trial] is yet to come." Id. (holding that it was an abuse of discretion for the district court to deny a stay where reexamination could dispose of all claims). Thus, any extent to which this factor weighs against granting a stay is outweighed by the potential for "the ultimate simplification of issues." VirtualAgility, 759 F.3d at 1314.

**III. Undue Prejudice**

This last factor concerns what prejudice, if any, plaintiff would suffer should the Court stay the case. In evaluating this factor, courts consider "(1) the timing of the request for [reexamination]; (2) the timing of the request for a stay; (3) the status of the [reexamination] proceeding; and (4) the relationship of the parties." Think Prods. Inc. v. ACCO Brands Corp., No. 14-cv-6659, 2015 WL 13955492, at *2 (E.D.N.Y. June 19, 2015). In practical terms, this factor concerns whether the totality of the motion for a stay evinces a kind of gamesmanship that would put plaintiff at "a clear tactical disadvantage." Slingshot Printing LLC v. Canon U.S.A., Inc., No. 22-cv-123, 2022 WL 17361232, at *3 (E.D.N.Y. Dec. 1, 2022).

Plaintiff contends that because the reexamination proceedings were initiated over a year ago (and are nearing completion), defendant's very recent stay motion unduly prejudices all of the efforts and resources that plaintiff has since invested in this litigation. It is fair to expect that

a stay motion will quickly follow initiation of the reexamination proceedings, because then the parties can avoid investing their time and resources into a parallel litigation as soon as possible. But at the same time, it is fair to expect a stay motion to be backed up by a reexamination record, because then the Court can more fully gauge the impact the reexamination will have on the litigation.

Here, the Court denied without prejudice defendant's first stay motion because, at that time, the USPTO had issued only "non-final" decisions as to invalidity.[1] But the USPTO has now issued "final" decisions as to invalidity on both patents. Thus, "the [USPTO] Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable," 35 U.S.C. § 307(a), and "cancellation [will] extinguish[] the underlying basis for suits based on the patent," Fresenius, 721 F.3d at 1344.

Plaintiff urges that the decisions are not "final" in that sense because the USPTO essentially closed the reexamination because of plaintiff's procedural default:

> Neither "Final Rejection" was actually final in the sense that it evaluated Plaintiff's response, the § 1.130(b) declaration, or Plaintiff's § 103 traversal on the merits. Rather, both rejections rest on a single procedural ground — the absence of a certificate of service on the Third-Party Requester.

Thus, says plaintiff, once the USPTO considers the full record, these "final" findings of patent invalidity will come out the other way.

First, the Court finds that unlikely because the preliminary, "non-final" decisions – which also deemed the patents invalid – were based on the merits. Second, and more to the point, plaintiff cannot conjure up its own prejudice. The reexamination proceedings are not as "final"

---

[1] The timing of defendant's first stay motion also cuts against a finding of gamesmanship. That motion was filed shortly after the Court's summary judgment motion, which disposed of all but plaintiff's patent infringement claims. That makes sense because of the resulting parity between the patents under reexamination and the patents left at issue in the litigation. Indeed, if plaintiff's trademark-infringement and unfair-competition claims survived summary judgment, seeking a stay would have been a fool's errand.

as plaintiff wants them to be only because of *plaintiff's* procedural failure. The Court therefore finds no prejudice based on the timing or status of the reexamination proceedings or stay motion.

Plaintiff next argues that it will be prejudiced by the stay because defendant "continues to sell the accused product [and so] damages continue to accrue." It is true that when, as here, "the parties are competitors, there is certainly the real possibility of undue prejudice." Slingshot Printing, 2022 WL 17361232, at *5 (E.D.N.Y. Dec. 1, 2022). But plaintiff's argument answers its own question: any "prejudice" attributable to the delay can be accounted for as increased damages at trial. See Fleet Connect, 818 F. Supp. 3d at 354 ("Mere delay in the litigation does not establish undue prejudice" (internal quotation marks and citation omitted)). Thus, to the extent this factor weighs against a stay, it is also outweighed by the potential simplification.

* * *

"After close consideration of all three of the factors and the totality of the circumstances," id. 355, the Court finds that this case should be stayed pending resolution of the USPTO reexamination proceedings.

**CONCLUSION**

Defendant's motion to stay is granted and all pending motions are denied without prejudice. The stay will be lifted and the case reopened upon a showing of good cause by either party. The Clerk of Court shall mark this case as "Administratively Closed."

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
August 25, 2026